United States District Court
Southern District of Texas
**ENTERED**
January 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAN JUANITA MONREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00278 |
| | § | |
| WALMART INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This is a personal injury suit where Plaintiff alleges she fell on a waxed floor while shopping at Walmart, causing her to suffer severe bodily injuries.  In addition to claims against several Walmart entities, Plaintiff makes allegations against store manager John Ganley including negligence, premises liability and negligent activity/supervision.  (D.E. 1-2, Pages 11-14).  The case was removed from the County Court at Law No. 1 of Nueces County, Texas and is before this Court on diversity jurisdiction.  (D.E. 1).  While both Plaintiff and Ganley are citizens of Texas, Defendants assert complete diversity exists because "Ganley's citizenship should be disregarded for purposes of determining diversity jurisdiction because he was improperly joined to this lawsuit by Plaintiff."  (D.E. 1, Page 3).  Defendants argue Ganley was fraudulently joined to defeat diversity because he had no involvement in the incident at issue other than being the store manager where the incident occurred and he did not owe any duty to exercise reasonable care to Plaintiff independent of the duty owed by the named Walmart entities.  (D.E. 1 and D.E. 8).  This

action was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636.  (D.E. 3).

Pending is Plaintiff's Motion to Remand to which Defendants have responded and Plaintiff has replied.  (D.E. 6; D.E. 8 and D.E. 9).  For the following reasons, the undersigned recommends the Motion be **DENIED**.  (D.E. 6).

## A.    Standard

Removal statutes are to be construed strictly against removal and for remand. *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) *(*citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (other citations omitted)).  The purported basis for removal in this case, diversity jurisdiction, requires complete diversity between all plaintiffs and all defendants and an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1332 and 1441.  "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  *Narvaiz v. Wal-Mart Stores Texas, L.L.C, et al*, No. 2:13-cv-195, 2013 WL 4677811, at *1 (S.D. Tex. Aug. 30, 2013) (citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574-75 (5th Cir. 2004) ("[T]he burden on the removing party is to prove that the joinder of the in-state parties was improper-that is, to show that sham defendants were added to defeat jurisdiction.")).  The removing party proves improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court.  *Id*. (citing *Crockett v. R.J. Reynold Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)) (other citations omitted).  The first, actual

fraud, is not at issue in this case. For the second, the Court must decide "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Smallwood*, 385 F.3d at 573).

The state pleading is evaluated pursuant to state substantive law to determine whether the plaintiff has stated a viable claim against the non-diverse defendant, resolving all "factual allegations in the light most favorable to the plaintiff," "resolving all contested issues of substantive fact in favor of the plaintiff," and resolving "all ambiguities in the controlling state law in the plaintiff's favor." *Narvaiz*, 2013 WL 4677811, at *1 (citing *Guillory*, 434 F.3d at 308) (other citations omitted). Without determining whether plaintiff will prevail on the merits, the Court looks "only for a possibility that the plaintiff might do so." *Id*. If a defendant fails to establish improper joinder, the Court must remand the case for lack of subject matter jurisdiction as complete diversity is not present. *Narvaiz*, 2013 WL 4677811, at *1 (citing 28 U.S.C. §§ 1332, 1447(c)).

**B.   Analysis**

The motion to remand requires this Court to determine, using the standard above, whether Plaintiff has a reasonable basis for recovering on her claims against Ganley under Texas law. Ganley, who was named because he was a store manager and employee at the time of the incident, is not alleged to have had any personal involvement in the facts

surrounding Plaintiff's injury or any duty to Plaintiff separate and apart from his employment as store manager. Under Texas law, liability against an individual employee arises only when that employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Id.* (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Gipson v. Wal-Mart Stores, Inc.*, No. H-08-2307, 2008 WL 4844206, at *5 (S.D. Tex. Nov. 3, 2008) (Employee did not owe customer an independent duty of care because the employee's actions were within the course and scope of employment); and *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (In premises liability cases, liability against an individual employee arises only when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty). By way of example, the *Leitch* Court observed that an employee "whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment" because the employee has an independent duty of reasonable care to the general public while driving "regardless of whether the auto accident occurs while driving for the employer." *Leitch*, 935 S.W.2d at 117 (citations omitted).

Here, Plaintiff has not alleged facts which involve a breach of duty by Ganley separate and apart from that owed by the store. *Narvaiz*, 2013 WL 4677811, at *2 (Finding Wal-Mart store manager was improperly joined, and therefore was not a non-diverse defendant, because Plaintiff did "not allege[] facts to implicate a breach of duty by the store employee separate and apart from that owed by the store."); *Solis v. Wal-Mart Stores East, L.P.*, 617 F.Supp.2d 476, 480-81 (S.D. Tex. 2008) (Joinder of department manager to

defeat diversity jurisdiction in premises liability action where Plaintiff slipped and fell was improper as "there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties" when that store manager did not actively participate in the act or omission causing plaintiff to be injured, namely the "slimy" substance on the floor); *Puente v. Texas Roadhouse Holdings, LLC*, No. 1:13-cv-181, 2014 WL 12617817, at * 5 (S.D. Tex. July 15, 2014) (Listing cases finding same, holding that restaurant manager was improperly joined as state court petition did not allege "any separate actionable participation.") Plaintiff has not alleged facts sufficient to support a conclusion that, under applicable Texas law, Ganley owed her a duty of care independent of Wal-Mart's duty to use reasonable care in keeping its premises safe for invitees.  Every duty Plaintiff alleges Ganley breached derives solely from his status as a store manager, not on any active, personal participation in creating the alleged dangerous condition which caused the alleged injuries.  *Gonzalez v. Wal-Mart Stores Texas, LLC et al*, No. 2:13-cv-65, 2013 WL 1827924, at *1-2 (S.D. Tex. Apr. 30, 2013) (Remanding case finding Plaintiff may be able to establish cause of action under Texas law against non-diverse individual employees who personally participated in the inspection and service of Plaintiff's car prior to alleged tire failure and rollover accident).

Accordingly, the undersigned **RECOMMENDS** Ganley was improperly joined. The undersigned further **RECOMMENDS** that as the properly joined parties are diverse

and the required amount in controversy is not disputed, complete diversity existed at the time of removal and Plaintiff's Motion to Remand should be **DENIED**.  (D.E. 6).

ORDERED on January 6, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).