Case 2:21-cv-00278 Document 18 Filed on 02/18/22 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SAN JUANITA MONREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00278 |
| | § | |
| WALMART INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Remand (D.E. 6). On January 6, 2022, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 10), recommending that Plaintiff's motion be denied. Plaintiff timely filed her objections (D.E. 11) on January 20, 2022, Defendants responded to the objections (D.E. 15), and Plaintiff replied (D.E. 17). Plaintiff has requested oral argument, which is **DENIED**.

Plaintiff's objection is that her complaint states three viable causes of action (negligence, premises liability, and negligent activity) against nondiverse party, John Ganley, each of which prevents treating Ganley as improperly joined. Consequently, the diversity of citizenship required to support this Court's diversity jurisdiction has been defeated, requiring remand. 28 U.S.C. § 1332. The Magistrate Judge, relying primarily on *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996) and *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005), stated that the Supreme Court of Texas has determined that Plaintiff's

causes of action are not viable without factual allegations demonstrating that the duties underlying the claims were owed, individually, by Ganley to Plaintiff.  Because the claims made against Ganley are premised only on his status as store manager, and not on any separate individual act or knowing omission, they are barred by Texas law.  Plaintiff's objections to the M&R are based on outdated authorities and a misreading of the M&R.

**The Authorities**.  Plaintiff relies primarily on *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883, 893 (Tex. App.—Beaumont 1952, writ denied), *Wal-Mart Stores, Inc. v. Deggs*, 971 S.W.2d 72, 74 (Tex. App.—Beaumont 1998), *rev'd on other grounds by* 968 S.W.2d 354 (Tex. 1998), and a concern that the law was not settled after *Leitch* as expressed in *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 n.5 (5th Cir. 2000).  All of those cases predate *Leitch* and/or *Tri*.  As our sister court has written,

> By extending the holding in *Leitch* to premises liability actions, the *Tri* court resolved the concern of the Fifth Circuit in *Valdes* by effectively overruling the *Selph* and *Deggs* decisions.  After *Tri*, there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties.

*Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008).  This Court agrees.  Plaintiff's authorities do not support a finding that she has stated a viable claim against Ganley on the sole basis of his employment as store manager.[1]

---

[1] Defendants offered the factual assertion that Walmart does not place store managers in complete control of stores. D.E. 15, p. 6.  Plaintiff objected to this unsupported allegation.  D.E. 17, p. 1.  The Court does not consider this assertion in making its decision.  Plaintiff's reliance on *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 475 (Tex. 2017) for assessment of control is misplaced because Plaintiff's case addresses liability as assessable between a company and its employee, not liability among independent companies.  Likewise inapposite is *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508, 510-11 (1947).  Unlike the facts in *Scharrenbeck*, Plaintiff here did not hire

**Independent Duty**.  Plaintiff asserts that the analysis of the M&R effectively concludes that a claim may not be made against the employee unless the employee has a duty that is "mutually exclusive" of the employer's obligations.  That is not what *Leitch* or *Tri* held, what Defendants argued, or what the Magistrate Judge concluded.  "Independent of" or "separate and apart from" is not the same as "mutually exclusive of."

The employee may have an independent duty separate and apart from the employer's obligations if the employee engages in conduct that causes, or knowingly fails to prevent, a plaintiff's injury.  For instance, if Ganley had personally made the floor unreasonably slippery, both he and his employer could be sued for their respective relationships to the injury.  Both could be liable without any mutual exclusivity.  However, when the allegations are based entirely on the employee's status as an employee to act generally on behalf of his employer, there is no specific independent duty to the plaintiff on which a claim may be premised.

The Court **OVERRULES** the objections.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's

---

Ganley directly or indirectly to perform any work for her and Ganley thus did not have a direct duty to her independent of his general duties as Defendant's employee, owed to the public, generally.

objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's motion for remand (D.E. 6) is **DENIED**.

ORDERED on February 18, 2022.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE